PETROPLUS, JUDGE:
One of the Petitioners, Ellen Grubbs, is an employee of the State Road Commission of West Virginia, and as such had been given permission to park her automobile in the State Road Commission Motor Pool parking lot. While reporting for work on October 17, 1969, she stopped her car at the entrance to the lot, where the attendant, also an employee of the State Road Commission, entered the car and proceeded to park *51 the vehicle. A sign posted 'at the entrance stated that all vehicles were to be parked by the attendant. While in the process of parking the car the attendant struck another motor vehicle, resulting in damages to Claimants’ car in the agreed amount of $159.59. The attendant was later discharged for being under the influence of alcohol while performing his duties.
The above facts were submitted to the Court by stipulation of the parties, including damages, which appear to be reasonable according to the estimate thereof prepared by a reliable repair shop, which was filed as an exhibit. No evidence was taken in the case. It also appeared from the exhibits that the Respondent, through its Safety and Claims Division, made a thorough investigation of the claim.
It is the finding of the Court that a duly authorized agent of the State Road Commission, acting within the scope of his employment, failed to exercise the ordinary care that a reasonably prudent person would exercise under the circumstances in the performance of his duties, and the Claimants being free from any fault on their part, the Court finds that the damages complained of were directly attributable to the negligence of a state employee. An award is made to the Claimants in the amount of $159.59.
Claim allowed in the amount of $159.59.